IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DAVID W. HOOVER, | ) | |
| | ) | |
| v. | ) | No. 1:07-0046 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |

To: Judge John T. Nixon, Senior U.S. District Judge

## REPORT AND RECOMMENDATION

The plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Disability Insurance Benefits ("DIB"), as provided by the Social Security Act.

The plaintiff filed a motion for judgment on the record and accompanying memorandum (Docket Entry Nos. 17 and 18) on October 5, 2007. The defendant responded by filing a motion to remand and accompanying memorandum (Docket Entry Nos. 21 and 22) on November 29, 2007. The plaintiff filed a response (Docket Entry No. 23) on December 5, 2007, which not only opposed the defendant's proposal to remand the case, but additionally argued that the case should be reversed with an immediate award of

1

benefits. *See also* Docket Entry No. 25.[1] The defendant objected to such an award in its reply (Docket Entry No. 24), filed December 10, 2007.

**I. INTRODUCTION**

The plaintiff filed an application for disability insurance benefits ("DIB") on October 21, 2003. (Tr. 17, 52-54.) The claim was denied initially (Tr. 35) and upon reconsideration (Tr. 36, 46-48), and a hearing was held on September 21, 2004 (Tr. 198-233), subsequent to which, ALJ Roberts issued an unfavorable decision on January 24, 2005. (Tr. 17-23.) The plaintiff requested review by the Appeals Council (Tr. 29), and by order dated July 5, 2005, the Appeals Council vacated the hearing decision and remanded the case to the ALJ for further proceedings, ordering that the ALJ obtain additional evidence regarding the plaintiff's knee condition, to evaluate the plaintiff's subjective complaints of pain, and to further consider the plaintiff's RFC and to provide a rationale with specific references to supporting evidence, and to obtain VE testimony. (Tr. 144-48.) A hearing was held June 27, 2006, at which the plaintiff and a VE testified. (Tr. 233-55.) On September 13, 2006, ALJ Linda Roberts issued an unfavorable decision. (Tr. 17-23.) The plaintiff requested review

---

[1] The plaintiff was advised to re-file Docket Entry No. 23 due to technical errors. The plaintiff re-filed these materials as Docket Entry No. 25, which is identical in content to Docket Entry No. 23. Further citation to the plaintiff's Response shall be to Docket Entry No. 25, as this represents the corrected filing; however, despite the now-reversed numerical order, Docket Entry No. 24 remains a response to Docket Entry No. 25.

of the ALJ's hearing decision on October 16, 2006. (Tr. 13.) The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied the plaintiff's request for review on May 18, 2007. (Tr. 7-9.)

Before the Court is the defendant's motion to remand (Docket Entry No. 21), to which the plaintiff has responded (Docket Entry No. 25), and the defendant has replied (Docket Entry No. 24).

## II. DISCUSSION

This case essentially revolves around statements made by the ALJ at the plaintiff's second hearing and her subsequent and contradictory written decision. The ALJ was directed by the Appeals Council to hold a second hearing and to comply with specific directives on remand. (Tr. 144-48.) The ALJ held a second hearing on September 21, 2004. (Tr. 233-55.) The ALJ used the Medical Vocational Guidelines during the hearing and concluded that the plaintiff was "disabled at 201.14" based on his age and other characteristics. (Tr. 250.) At the conclusion of the hearing, the ALJ said,

> Sir, I can't tell you where my mind was last time, but I'm sure the fact that you told me you were looking for a job had a great deal to do with why I denied you. Plus I don't think I was real impressed with the one aspirin a day, but you have told me you're on three and you did then, you took two pills for high blood pressure and one diuretic and you're on five now. Make sure you have your medical in there with your medicines that you're taking . . . . I'm sure that's probably the thing that tipped me against paying you last

3

time, but the good news is you'll probably get paid back to the onset date. So, all right. Thank you, sir . . . Sorry it took a while . . .

(Tr. 251.)

However, the ALJ issued a decision on September 13, 2006, finding that the plaintiff retained a residual functional capacity to perform a reduced range of light work, and concluded *based on the testimony of the VE at the plaintiff's first hearing* that the plaintiff could perform his past relevant work. (Tr. 21-22.) The ALJ additionally failed to comply with the directives of the Appeals Council on remand, as set forth in their July 5, 2005, order. (Tr. 146-48.) It is not clear why the Appeals Council refused the plaintiff's request to review the second hearing decision (Tr. 7-9), particularly in light of the ALJ's obvious failure to follow their directives.

The plaintiff asks the Court to reverse the Agency's decision and award benefits. Docket Entry No. 25, at 3. Despite the Court's recognition of the long delays, obvious errors, and the unfortunate circumstances of the plaintiff, the Court cannot, based on this record, award benefits. Remand for an award of benefits is appropriate "if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). *See also Woods v. Sec'y of Health & Human Servs.*, 808 F.2d 506 (6th Cir. 1987) (ordering an award of benefits where the medical proof of disability was strong and consistent). Stated

4

another way, "if a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 173 (6th Cir. 1994).

Here, the Court cannot say that all of the essential factual issues have been resolved, or that the record establishes the plaintiff's entitlement to benefits. Although the deficiencies in the record are admittedly due to the ALJ's failure to develop the record and her disregard of the order of the Appeals Council, the evidence of disability remains incomplete. The Court therefore must recommend that this case be remanded to the ALJ for a reconciliation of her conflicting testimony at the hearing and her hearing decision, and, if necessary, for the ALJ to fulfill the directives of the Appeals Council to complete the administrative record.

## III. RECOMMENDATION

For the above-stated reasons, it is recommended that the defendant's motion for entry of judgment with remand to the defendant (Docket Entry No. 21) be GRANTED. To the extent that the plaintiff's response (Docket Entry No. 25) can be construed as a motion for remand with an award of benefits, that motion is DENIED IN PART. This case should

5

be REMANDED to ALJ Linda Roberts for further action consistent with the recommendations contained herein.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice, and must state with particularity the specific portions of this Report and Recommendation to which the objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge

6

Case 1:07-cv-00046   Document 28   Filed 04/21/08   Page 6 of 6 PageID #: 88