IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DAVID W. HOOVER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:07-00046 |
| | ) | Judge Nixon |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge Griffin |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Pending before the Court is Plaintiff David W. Hoover's ("Plaintiff" or "Hoover") Motion for Judgment on the Record ("Plaintiff's Motion") (Doc. No. 17) and Defendant's ("Defendant" or "Commissioner") Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g), with Remand to Defendant ("Defendant's Motion") (Doc. No. 21). Plaintiff filed a Response opposing Defendant's Motion (Doc. No. 25), to which Defendant filed a Reply (Doc. No. 24). This case was referred to Magistrate Judge Griffin, who issued a Report and Recommendation ("Report") that Defendant's Motion be granted and that Plaintiff's Motion, to the extent it could be construed as a motion for remand with an award of benefits, be denied in part. (Doc. No. 28.) Plaintiff filed timely Objections ("Objections") to the Magistrate Judge's Report (Doc. No. 29), and Defendant filed a Reply to Plaintiff's Objections stating that there was no opposition (Doc. No. 30). For reasons discussed herein, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

-1-

Case 1:07-cv-00046 Document 31 Filed 05/16/08 Page 1 of 7 PageID #: 94

I.  **BACKGROUND**

Plaintiff applied for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("the Act") on October 21, 2003, stating that pain in his left knee rendered him unable to work. (Transcript ("Tr.") 52-54, 62.) The claim was denied initially (Tr. 37-40) and upon reconsideration (Tr. 46-48). Plaintiff then requested a hearing by an Administrative Law Judge ("ALJ"). (Tr. 49.) On September 21, 2004, a hearing was held before ALJ Linda Gail Roberts ("ALJ Roberts") who issued a decision that Plaintiff was not disabled under the Act. (Tr. 17.) Plaintiff appealed the decision, and upon review of ALJ Roberts' decision, the Appeal Council vacated the decision and remanded the case for further proceedings with specific instructions to: (1) obtain additional evidence concerning Plaintiff's knee impairment, which could include a consultative orthopedic examination and medical source statements; (2) further evaluate Plaintiff's subjective complaints of pain and "provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms and Social Security Ruling 96-7p"; (3) give further consideration to Plaintiff's maximum residual functional capacity ("RFC") and provide an appropriate rationale with specific references to the evidentiary record to support the assessment of Plaintiff's limitations; and (4) if warranted by the expanded record, obtain supplemental evidence from a vocational expert ("VE"). (Tr. 146-47.)

A new hearing was held on June 27, 2006, once again before ALJ Roberts, where Plaintiff and a VE testified. (Tr. 233-55.) At the conclusion of the hearing, ALJ Roberts stated to Plaintiff:

> Sir, I can't tell you where my mind was last time, but I'm sure the fact that you told me you were looking for a job had a great deal to do with why I denied you. Plus, I don't think I was real impressed with the one aspirin a

-2-

> day, but you have told me you're on three and you did then, you took two
> pills for high blood pressure and one diuretic and you're on five now. . . .
> All right. I'm sure that's probably the thing that tipped me against paying
> you last time, but the good news is you'll probably get paid back to the
> onset date. So, all right. Thank you, sir.

(Tr. 251.) Despite her statement in the hearing, on September 13, 2006 ALJ Roberts issued her decision, concluding for a second time that Plaintiff was not disabled and therefore ineligible for benefits. (Tr. 17-23.) Plaintiff requested review of the ALJ's decision (TR. 13), which was denied by the Appeals Council on May 18, 2007 (Tr. 7-9), making ALJ Roberts' second decision the final decision of the Commissioner. Thereafter, Plaintiff brought suit in federal court pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.)

Plaintiff argues in his Motion for Judgment on the Administrative Record that ALJ Roberts made the following errors: (1) rejecting the opinion of Plaintiff's treating physician; (2) failing to follow the Medical-Vocational Guidelines set forth in Appendix 2 of the Social Security regulations; (3) failing to follow the July 5, 2005 order by the Appeals Council to obtain additional medical evidence regarding Plaintiff's left knee through a consultative orthopedic examination; (4) failing to properly evaluate Plaintiff's subjective complaints of pain; and (5) refusal to permit Plaintiff's attorney to examine Plaintiff in the remand hearing. (Doc. No. 18.) According to Plaintiff, because the Commissioner's final decision is erroneous and not based on substantial evidence, it must be reversed. (Id.) Defendant did not respond to Plaintiff's Motion, but filed a Motion for Entry of Judgement Under Sentence Four (4) of 42 U.S.C. § 405(g), with Remand to Defendant, stating that the Commissioner, "after further review of this matter, believes that remand is appropriate in order to obtain an orthopedic consultative examination in order to comply with the Appeals Council's directive issued July 5, 2005." (Doc. No. 22.)

-3-

Plaintiff's Response to Defendant's Motion argues that ALJ Roberts previously ignored the Appeal Council's order to obtain such medical evidence, yet upon Plaintiff's request for review, the Appeals Council did not remand the case with another order to obtain an orthopedic examination but rather denied the request for review. (Doc. No. 25.) Plaintiff further contends that to remand the case back to the Commissioner would be unfair as it would require Plaintiff to wait even longer for relief, and instead the Court should reverse the decision and award benefits to Plaintiff. (Id.) In Reply, the Commissioner argues that as Plaintiff's disability is not conclusively established, an award of benefits by the Court would be inappropriate. Rather, the Commissioner argues a remand is necessary for a consultative examination by an orthopedic specialist to determine Plaintiff's functional abilities given his knee condition. (Doc. No. 24.)

In her Report and Recommendation, the Magistrate Judge concluded that because all the essential fact issues have yet to be resolved and the record as it stands does not overwhelmingly establish Plaintiff's disability, an award of benefits by the Court was not appropriate. (Doc. No. 28.) The Report further recommended that the case be remanded back to ALJ Roberts "for a reconciliation of her conflicting testimony at the hearing and her hearing decision, and, if necessary, for the ALJ to fulfill the directives of the Appeals Council to complete the administrative record." (Id.) Accordingly, the Magistrate Judge's Report recommended that Defendant's Motion be granted.

Plaintiff timely filed Objections to the Report (Doc. No. 29), raising the singular Objection that remand specifically to ALJ Roberts is inappropriate for two (2) reasons. First, Plaintiff argues that the internal policy of the Social Security Administration dictates that a second remand of a case must go to a different ALJ. (Id.) Second, Plaintiff points out that ALJ

Roberts previously ignored instructions by the Appeals Council on the first remand. In raising this second point, Plaintiff appears to be arguing that, based on ALJ Roberts' past inconsistencies with respect to this case, she would not be the appropriate choice to apply the Court's instructions on a second remand. (Id.) Accordingly, Plaintiff requests in his Objections that the case be remanded to a different ALJ. (Id.) Defendant has indicated that it has no objections should the Court grant Plaintiff's request to remand the case to a different ALJ. (Doc. No. 30.)

## II. STANDARD OF REVIEW

The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). The Court's review is limited to "a determination of whether substantial evidence exists in the record to support the Commissioner's decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, an ALJ's decision will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Moreover, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if

substantial evidence supports the conclusion reached. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

Plaintiff sole Objection contends that remand to the same ALJ for a second time would be inappropriate according to Social Security policy, citing the Hearing, Appeals and Litigation Law manual ("HALLEX") Section I-2-155 for support. (Doc. No. 29.) HALLEX I-2-155 states in relevant part:

> 11. *Appeals Council remand.* . . . Appeals Council remands, including those generated by the courts, are assigned to the same ALJ who issued the decision or dismissal unless:
> a) the case was previously assigned to that ALJ on a prior remand from the Appeals Council and the ALJ's decision or dismissal after remand is the subject of the new Appeals Council remand.

HALLEX I-2-155(11).[1]

It is this Court's understanding that the Magistrate Judge's recommendation to remand the matter to ALJ Roberts for a second time was intended to provide Plaintiff with the most expeditious path to relief.[2] However, Plaintiff has made it abundantly clear in his arguments to this Court that given ALJ Roberts' past noncompliance with the Appeal Council's directive to obtain additional medical evidence, a remand to a different ALJ would be preferred, procedurally

---

[1] Although some courts have questioned HALLEX's force and effect of law and have concluded that HALLEX is not binding on the Commissioner, see, e.g., Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000), this Court need not reach that decision here as the parties do not dispute the application of the relevant HALLEX guideline in this case.

[2] Plaintiff previously filed a Motion to Expedite (Doc. No. 26), arguing that a need for a ruling in the matter was urgent as Plaintiff had reached the limit of his financial resources.

-6-

appropriate, and perhaps more efficient. (See Doc. No. 29.) As Plaintiff's argument is supported by the HALLEX guidelines and Defendant, this Court is inclined to agree.

IV. CONCLUSION

The Court hereby **REVERSES** and **REMANDS** the above-styled case to a new ALJ pursuant to sentence four (4) of 42 U.S.C. § 405(g) in order for Defendant to: (1) order a consultative orthopedic examination; and (2) issue a new decision. The Defendant's Motion is **GRANTED**. Plaintiff's Motion, to the extent he seeks a remand with an award of benefits, is **GRANTED in part** and **DENIED in part**. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**.

It is so ORDERED.

Entered this the 16th day of May, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT